NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICA LYNNE DODGE, | No. 24-2899 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-07502-AJR |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Joel Richlin, Magistrate Judge, Presiding

Submitted April 8, 2025**
Pasadena, California

Before: MURGUIA, Chief Judge, and BADE and SUNG, Circuit Judges.

Erica Dodge appeals the district court's order affirming the Commissioner of

Social Security's ("Commissioner") denial of her applications for disability

insurance benefits ("DIB") and supplemental security income ("SSI") benefits under

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Social Security Act ("SSA"), 42 U.S.C. § 301 *et seq*. Dodge applied for benefits in November 2018. Dodge suffers from fibromyalgia, chronic fatigue syndrome, diabetes mellitus, obesity, rheumatoid arthritis factor, sleep apnea, and headaches. She alleges that she became unable to work in February 2014.

On appeal, Dodge argues, inter alia, that the Administrative Law Judge ("ALJ") erred by: (1) disregarding the opinions of Dodge's treating rheumatologist, Dr. Sheila Lezcano, as not well supported and inconsistent; and (2) disregarding Dodge's subjective symptom testimony as inconsistent with her medical history and daily activities. Dodge further argues that by disregarding both her testimony and her treating doctor's opinion, the ALJ found that Dodge had a residual functional capacity ("RFC") that is unsupported by the record. In addition, Dodge argues that the Commissioner updated its definition of "past relevant work" in June 2024, and the new definition should be applied to her case because the amended definition would establish her as disabled under the SSA guidelines.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's order affirming an ALJ decision de novo and will reverse an ALJ's denial of benefits only if the ALJ's decision is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (citation omitted). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might

2                                                                                      24-2899

accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). We affirm.

1. The ALJ determined that Dodge had an RFC that allows her to do the following:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with the following limitations: stand and walk for four hours out of eight; perform occasional postural activities; no climbing ladders, scaffolds, or ropes; avoid concentrated exposure to extremes of temperature; no work around unprotected heights or dangerous, moving machinery.

Based on this RFC and the testimony of a vocational expert, the ALJ found that Dodge could perform her past work as an insurance claims assistant and other jobs that exist in significant numbers in the national economy—*i.e.*, mail sorter, ticket seller, and self-service station cashier—and that she therefore was not disabled.

Dodge argues that the RFC determination is unsupported by substantial evidence because her treating rheumatologist Dr. Sheila Lezcano opined that Dodge:

> is incapable of low stress work, can stand and walk less than 2 hours a day, will need to change positions and take unscheduled breaks, can rarely lift less than 10 pounds, can occasionally perform postural activities, would have a 10% limitation in use of the upper extremities, and would be absent for more than four days a month among other limitations.

Dodge further contends that the ALJ erred by deeming these opinions unpersuasive, finding that the opinions lacked support from "objective clinical findings," and

concluding they were inconsistent with other medical evidence in the record.[1]
However, Dr. Lezcano's opinion was based on perfunctory "check box" assessments
that contained very few explanations or descriptive clinical findings.  In contrast, the
ALJ relied upon the opinions of state consultants who reviewed Dodge's entire
medical record and gave "detailed" analyses when opining that Dodge could perform
light work.  Substantial evidence in the record supports the ALJ's reliance on the
state consultants' opinions and overall findings; therefore, we affirm the ALJ's
conclusion.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where
evidence is susceptible to more than one rational interpretation, it is the ALJ's
conclusion that must be upheld.").

2. Dodge also argues that the ALJ erred by disregarding her hearing testimony.
Dodge testified that she does not have the stamina to work, is very weak, and suffers
from headaches and joint swelling.  She stated that if she tried to "push herself" at
all, then she would become bedridden for weeks at a time only able to get up to use

---

[1] Dodge separately argues that the ALJ incorrectly disregarded Dr. Lezcano's
opinion because the ALJ found her mental health assessments were "beyond the
scope" of her expertise.  The district court concluded that this was likely error, but
the error was harmless.  We agree.  Dr. Lezcano, as a treating doctor, was allowed
to opine on Dodge's mental health.  *See Sprague v. Bowen*, 812 F.2d 1226, 1232
(9th Cir. 1987).  Even so, her opinion did not make any significant finding related to
Dodge's mental capacity.  Therefore, it did not impact the ALJ's overall analysis in
this case.  *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008) ("[T]he court
will not reverse an ALJ's decision for harmless error, which exists when it is clear
from the record that the ALJ's error was inconsequential to the ultimate nondisability
determination." (internal quotation marks and citation omitted)).

the bathroom and grab food. She further testified that she only has one or two "good days" per month.

The ALJ found those statements inconsistent with other evidence that showed no objective clinical findings of significant problems with muscle strength, balance, range of motion, movement, or motor functioning. Moreover, the ALJ found that Dodge's self-reported daily activities and physical examination records were inconsistent with her testimony, and that Dodge had inadequately explained her failure to follow various prescribed courses of treatment that helped her symptoms. Based on the totality of the record, the ALJ did not err in discounting Dodge's testimony about the extent and severity of her reported symptoms. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (the ALJ may reject a claimant's subjective testimony when it provides clear and convincing reasons for doing so).

3. Finally, Dodge requests this court review the ALJ decision consistent with the June 22, 2024, regulation amendment that changed the definition of "past relevant work" from 15 years to 5 years. *See* 89 Fed. Reg. 27653 (Apr. 18, 2024) (final rule). Dodge asserts that application of the new regulation would compel a determination that she is disabled, refuting the ALJ's determination that she could perform her past work and other work in the national economy. Because Dodge's application was filed in 2018, and the ALJ's decision became the final decision of

the Commissioner in 2023, and because the Commissioner has issued a Social Security Ruling explaining that the new definition is intended to be applied prospectively in ALJ decisions issued on or after June 22, 2024, SSR 24-2p, 89 Fed. Reg. 48479 n.1 (June 6, 2024), we decline to apply the new regulation in this appeal. *See Revels v. Berryhill*, 874 F.3d 648, 656 n.2 (9th Cir. 2017) (explaining that it is circuit practice to "defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations" (citation omitted)); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 n.1 (9th Cir. 2003) (reviewing the ALJ's decision on appeal under the regulations that were in effect at the time of the final decision, not under the regulations that were published after the decision but before the appeal).

**AFFIRMED**.